# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DAVID JOSEPH MICKELSON, | |
| Plaintiff, | No. C06-2001-LRR |
| | No. CR02-2019-LRR |
| vs. | |
| UNITED STATES OF AMERICA, | ORDER |
| Defendant. | |

This matter comes before the court on David Joseph Mickelson's motion to vacate, set aside or correct sentence (Docket No. 1). David Joseph Mickelson ("the movant") filed his motion pursuant to 28 U.S.C. § 2255.[1] For the following reasons, the movant's 28 U.S.C. § 2255 motion shall be denied.[2] In addition, a certificate of appealability shall be denied.

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

[2] No response from the government is required because the motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See id.*; *see also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

## I. BACKGROUND

On May 21, 2002, the grand jury returned and the government filed an indictment against the movant. On January 6, 2003, the movant's jury trial commenced. On January 8, 2003, the jury found the movant guilty of the only count contained in the indictment.[3] On October 1, 2003, the court sentenced the movant to 121 months imprisonment and 5 years supervised release. On October 2, 2003, judgment entered against the movant. On October 9, 2003, the movant filed a notice of appeal. On appeal, the movant argued: (1) the court erred in denying his motion to sever; (2) his inability to cross-examine a witness violated his Sixth Amendment right of confrontation pursuant to *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968); and (3) the evidence is insufficient to support his conviction. On August 11, 2004, the Eighth Circuit Court of Appeals affirmed the movant's conviction and resulting sentence. *See United States v. Mickelson*, 378 F.3d 810 (8th Cir. 2004).

On January 3, 2006, the movant filed the instant motion. In his 28 U.S.C. § 2255 motion, the movant challenges his conviction and resulting sentence based on alleged violations of the United States Constitution. Specifically, the movant claims trial counsel provided ineffective assistance when he promised the jury that the movant would testify and provide important information.

The court now turns to consider the movant's 28 U.S.C. § 2255 motion.

## II. ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was

---

[3] The conduct charged in count one of the indictment is in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 841(c)(2) and 21 U.S.C. § 846.

without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, movants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general

3

rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[4]

### B. Timeliness Under the AEDPA and 28 U.S.C. § 2255

The AEDPA contains a one year period of limitation during which a 28 U.S.C. § 2255 motion must be filed.[5] The statute of limitation begins to run from the latest of four

---

[4] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

[5] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to

(continued…)

circumstances. The first of these circumstances is the date on which the judgment of conviction became final. Here, the movant's conviction became "final" on November 9, 2004–the last day he could have timely filed a petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Given such date, the movant needed to file the instant motion by no later than November 9, 2005. The movant did not file his 28 U.S.C. § 2255 motion until January 3, 2006, which is nearly two months beyond the last day it properly could have been filed. Further, the movant's situation does not fall under any of the remaining three timeliness provisions set forth in 28 U.S.C. § 2255.

The Eighth Circuit Court of Appeals has held that the doctrine of equitable tolling applies to 28 U.S.C. § 2255 motions. *United States v. Martin*, 408 F.3d 1089, 1092-93 (8th Cir. 2005). However, equitable tolling only applies "where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *Id*. at 1093 (citing *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), and *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999)). "Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard." *Id*. (citing *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002), and *Rouse v. Lee*, 339 F.3d 238,

---

(…continued)
         cases on collateral review; or

         (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

5

248 (4th Cir. 2003)); *see also Kreutzer*, 231 F.3d at 463 (holding "counsel's confusion about the applicable statute of limitations does not warrant equitable tolling").

The movant does not offer any valid excuse for failing to timely file his 28 U.S.C. § 2255 motion. Although counsel, on behalf of the movant, asserts that he unintentionally misled the movant regarding the amount of time he had to file a 28 U.S.C. § 2255 motion and that he inadvertently miscalculated the filing deadline, such a mistake does not present extraordinary circumstances which allow the statute of limitation to be tolled.[6] *Compare Kruetzer*, 231 F.3d at 463 (rejecting the argument that an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling) *with* Martin, 408 F.3d at 1095-96 (recognizing extraordinary circumstances existed because counsel repeatedly lied and misrepresented the law); *see also Johnson v. Hendricks*, 314 F.3d 159, 163 (3d. Cir. 2002) (listing cases which have determined that basic attorney errors such as the miscalculation of a filing deadline are generally insufficient to support equitable tolling). Therefore, the court finds the movant's situation does not fall within the limitation period allowed by 28 U.S.C. § 2255.

In sum, all of the claims the movant asserts could have been asserted before a judgment of conviction was entered, on direct appeal or in a timely 28 U.S.C. § 2255 motion. "'The one year period provided him with reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute.'" *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000) (quoting *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)). Although this is a harsh rule, it is the law. Accordingly, the movant's 28 U.S.C. § 2255 motion shall be denied.

---

[6] The court notes that, although counsel contends that he realized his mistake on or about December 5, 2005, he did not file the instant motion until January 3, 2006.

## C. Certificate of Appealability

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds the movant failed to make the requisite "substantial showing" with respect to the claim he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (Docket No. 1) is DENIED.

2) A certificate of appealability is DENIED.

**DATED** this 25th day of May, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA